# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:12-CR-221-LJO-SKO-1 |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION** |
| **MARCELINA BOTELLO CHARLES,** | |
| Defendant. | **ECF No. 93** |

Defendant Marcelina Botello Charles ("Defendant") has filed a *pro se* motion for a reduction of her sentence, which the Court finds is appropriately categorized as a motion under 18 U.S.C. § 3582. *See* ECF No. 93.[1] By her motion, Defendant, citing *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), asserts that she should benefit from Amendment 794[2] to the United States Sentencing Guidelines ("USSG" or "Guidelines") and requests that the Court grant her a 2-level minor role reduction and

---

[1] Although Defendant labeled her motion as one made pursuant to 28 U.S.C. § 2255, the Court has discretion to "ignore the legal label that a pro se litigant attaches to a motion" and recharacterize this motion in the appropriate category. *Castro v. United States*, 540 U.S. 375, 381 (2003). Because Defendant's motion seeks the application of an amendment to the Guidelines, it is appropriately categorized as a § 3582 motion. *Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1995).

[2] Amendment 794 modified the commentary of USSG § 3B1.2 and directed that sentencing courts must consider the following factors in determining whether to apply a minor role reduction:

 (i) The degree to which the defendant understood the scope and structure of the criminal activity;
 (ii) (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
 (iii) (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
 (iv) (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
 (v) the degree to which the defendant stood to benefit from the criminal activity.

*United States v. Quintero-Leyva*, 823 F.3d 519, 523-24 (9th Cir. 2016

reduce her sentence accordingly. *Id.* Upon review of the record in the case, including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court has determined that a response from the Government is not necessary. For the reasons that follow, the Court DENIES Defendant's motion.

## I. BACKGROUND

On May 19, 2014, Defendant pled guilty to the following counts of a five-count Superseding Indictment: Count 1, which charged Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C); and Count 5, which charged Unlawful Distribution of Unregistered Pesticide, in violation of 7 U.S.C. §§ 136j(a)(1)(A) and 1361(B)(2). PSR ¶ 1; ECF No. 71.

According to the PSR, 974.6 kilograms of marijuana were involved in Defendant's offense. PSR ¶ 19. Pursuant to USSG § 2D1.1, Defendant's base offense level was 30, *see id.*, the offense level was increased by two because firearms were located in connection with the offense, *see id.* at ¶ 20, and his criminal history was category I (based on 0 criminal history points). *See id.* at ¶ 28. The PSR recommended a two-level reduction for Defendant's role in the offense, noting that Defendant's role was that of a minor participant in comparison to her co-defendant. *Id.* ¶ 23.[3] Furthermore, pursuant to USSG §§ 3E1.1(a) and (b), the PSR recommended a three-level reduction for Defendant's acceptance of responsibility. *Id.* ¶¶ 27-28. Accordingly, the PSR found Defendant's total offense level to be 27. *Id.* ¶ 27. The Guidelines range for a defendant with an offense level of 27 and a criminal history category I is 70-87 months of imprisonment. *See* USSG Ch. 5, Pt. A. The PSR therefore recommended a sentence of 70 months; 70 months for Count 1, and 12 months for Count 5, to be served concurrently. PSR at 14.

Defendant filed formal objections to the PSR, arguing that the calculation of her sentencing range as being 70-87 months was incorrect, because it failed to take into account the recommended

---

[3] Specifically, the PSR stated that because the co-defendants initiated and coordinated the maintenance of the marijuana grow, Defendant followed his lead, Defendant's participation was "far less" than that of her co-defendant. PSR ¶ 23.

retroactive two-level reduction based on Amendment 782[4], which at that time of Defendant's sentencing, was an impending change to the Guidelines for drug offenders. ECF No. 75. The Government echoed this argument in its sentencing memorandum, noting that a two-level downward variance was appropriate, in light of the anticipated lowering of the base offense level for drug offenses under Amendment 782, and would be in accordance with the parties' plea agreement. *See* ECF No. 76.

On September 15, 2014, this Court sentenced Defendant to a total term of 50 months' imprisonment for both counts. ECF Nos. 81 & 82. In doing so, the Court exercised a 7-month downward departure from Defendant's Guidelines range of 57 to 71 months, given her total offense level of 25 and Criminal History Category of I. *See* USSG Ch. 5, Part A.

## II. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010). "This baseline rule is subject to an important exception: a district court may reduce a sentence based on a guideline range that is later lowered by the Sentencing Commission." *United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1042 (9th Cir. 2017) (citing § 3582(c)(2)).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d).

If the answer to step one is that a defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step

---

[4] Amendment 782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. See USSG, sup. App'x C, amend. 782 (2014)

3

one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155. The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id*. at 1158.

### III. DISCUSSION

Defendant now requests a second reduction in her sentence under Amendment 794 and the Ninth Circuit's decision in *Quintero-Leyva*, arguing that the Court should apply a two-level reduction to her total offense level because of her allegedly minor role in the offense. *See* ECF No.93 at 3.

In *Quintero-Leyva*, the Ninth Circuit reversed the district court's denial of the defendant's request for a minor role reduction pursuant to USSG § 3B1.2(b) on the basis that the United States Sentencing Commission's issuance of Amendment 794 on November 1, 2015, which amended the commentary to USSG § 3B1.2, applies retroactively on direct appeal. 823 F.3d at 521. The *Quintero-Leyva* court held that Amendment 794 is a "clarifying amendment" that applies retroactively on direct appeal, noted that the record did not clearly indicate whether the district court had considered all of the factors listed in § 3B1.2 when it denied the defendant's request for a minor role reduction during his sentencing proceedings, and therefore reversed the district court's denial of the minor role reduction, and remanded with the instruction that the district court consider the factors in § 3B1.2, as amended by Amendment 794. *Id*. at 523. As the result of *Quintero-Leyva*, a defendant can successfully appeal a district court's denial of a § 3B1.2 minor role reduction if it is apparent from the record that the district court did not consider all of the factors now listed in § 3B1.2, even if the defendant was sentenced before the effective date of Amendment 794 so long as the defendant's case was not yet final or was pending direct review as of November 1, 2015. *See, e.g., United States v. Ismelda Sanchez*, 671 Fed. App'x. 682, 682 (9th Cir. Dec. 21, 2016) ("Because we cannot determine from the record whether the

district court followed the guidance of [Amendment 794]'s clarifying language and considered all of the now-relevant factors, we vacate Sanchez's sentence and remand for resentencing under [Amendment 794]."); *United States v. Lopez-Diaz*, 650 Fed. App'x. 359, 360 (9th Cir. May 17, 2016) (same).

The initial inquiry of whether a defendant is eligible for sentence reduction is informed by the Sentencing Commission's constraints on the Court's authority to modify a sentence. *Dillon*, 560 U.S. at 825-26. Section 3582(c)(2) permits reduction of a sentence by the Court only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under USSG § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (a) none of the amendments listed in subsection (d) is applicable to the defendant; or (b) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." (emphasis added).

Here, although claims regarding the application of USSG amendments may be properly brought under § 3582(c)(2), *Hamilton*, 67 F.3d at 763, it is clear that *Quintero-Leyva* has no application in § 3582 proceedings, because *Quintero-Leyva* applies only in cases on direct appeal. *Seferos v. United States*, Case Nos. 1:16-CV-00399-EJL; 1:13-CR-00129-EJL, 2016 WL 6405810, at *2 (D. Idaho Oct. 27, 2016) (noting that in *Quintero-Leyva*, the Ninth Circuit held that "Amendment 794 is a clarifying amendment that applies retroactively on direct review, [but] it did not extend this holding to cases like Petitioner's, where collateral—rather than direct—review is sought"); *see also United States v. Stokes*, 300 Fed. App'x. 507, 508 (9th Cir. 2008) (holding that clarifying amendments do not apply retroactively in sentencing reduction motions pursuant to § 3582(c)(2)). The Court additionally notes that Defendant did not appeal her sentence, and the deadline to file such an appeal has expired. *See* ECF No. 82 (Defendant's Judgment and Commitment , entered on September 19, 2014); Federal Rule of Appellate Procedure 4(b)(1) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after … the entry of either the judgment or the order being appealed").

Furthermore, "Amendment 794 was not given retroactive effect for purposes of a § 3582 motion, as Amendment 794 is not listed among the covered amendments in USSG § 1B1.10(d) under the policy statement authorizing the court to reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2)." *United States v. Nunez*, No. CR-13-00383-PJH-1, 2017 WL 119169, at *5 (N.D. Cal. Jan 12, 2017). In other words, unlike Amendment 782, which is retroactive and did lower Defendant's Guidelines range, Amendment 794 has no effect on Defendant's Guidelines range and the Court lacks authority to use Amendment 794 as a basis to reduce her sentence. *See id*.

For these reasons, the Court concludes that the answer at step one is that Defendant is not eligible for a sentence reduction. *See Rodriguez-Soriano*, 855 F.3d at 1042. To the extent that she asks the Court to reduce her sentence based on the § 3553(a) factors, the Court declines. When the answer at step one is that a defendant is ineligible, the Court does not proceed to step two. *See* USSG § 1B1.10; *Dunn*, 728 F.3d at 1155. Defendant's motion for a sentence reduction pursuant to § 3582(c)(2) is therefore DENIED.

## IV. <u>CONCLUSION AND ORDER</u>

The Court concludes that Defendant has no basis for seeking a sentence reduction under § 3582(c)(2). Accordingly,

**IT IS HEREBY ORDERED** that Defendant Marcelina Botello Charles's motion to reduce her sentence (ECF No. 93) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **CLOSE THE CASE.**

IT IS SO ORDERED.

Dated: **August 24, 2017**        /s/ Lawrence J. O'Neill
                                  UNITED STATES CHIEF DISTRICT JUDGE